UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Iryzarry

   v.                                           Civil No. 11-cv-178-PB

State of New Hampshire, et al.

**O R D E R**

Charles Iryzarry has filed a complaint against defendants State of New Hampshire, a prosecutor, a judge, and a police officer, alleging violations of his rights. Because Iryzarry is incarcerated, the matter is before the magistrate judge for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be

granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be

dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability

that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

## Background

### I. Allegations Against Sgt. Wendy Foley

On August 5, 2009, Iryzarry was arrested by Sgt. Wendy Foley of the Windham Police Department.  Iryzarry accuses Foley of: (1) false arrest; (2) unlawful arrest; (3) false imprisonment; (4) malicious violation of Iryzarry's rights under Miranda v. Arizona, 384 U.S. 436 (1966); (5) deceit; (6) harassment; (7) false prosecution; (8) violating Iryzarry's equal protection rights; and (9) negligently executing her police duties.

### II. Allegations Against Assistant Rockingham County Attorney Lisa Cirulli

Iryzarry was prosecuted by Assistant Rockingham County Attorney Lisa Cirulli.  Iryzarry accuses Cirulli of: (1) malicious prosecution; (2) prosecution after unlawful arrest; (3) false imprisonment; (4) negligent prosecution; and (5) maliciously fabricating and maintaining false paperwork.

### III. Allegations Against Judge John Lewis

Iryzarry accuses Rockingham County Superior Court Judge John Lewis of: (1) conspiring with the prosecutor to allow her to maliciously prosecute Iryzarry; (2) deceit; (3) depriving

4

Iryzarry of his liberty in violation of the constitution; (4) violating Iryzarry's equal protection rights; and (5) denying Iryzarry due process of law.

## Discussion

I.  <u>42 U.S.C. § 1983</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  <u>See</u> 42 U.S.C. § 1983; <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002).  42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, it appears that Iryzarry's federal claims are that the defendant state actors violated his federal constitutional rights.  As such, those claims arise under § 1983.

5

## II. Insufficient Allegations in Complaint

As previously stated, the court need not credit statements that "merely offer legal conclusions."  See Ocasio-Hernández, 640 F.3d at 12.  Iryzarry's complaint contains neither factual narrative nor any other facts that support the various causes of action he asserts; the complaint consists entirely of unsupported legal conclusions.  As such, the complaint is subject to dismissal.  See id.  Because Iryzarry is proceeding pro se, however, the court will provide him with an opportunity to amend his complaint to sufficiently assert facts to support his legal claims.  See LR 4.3(d)(2)(B) (authorizing magistrate judge to direct plaintiff to amend complaint after initial review).

## III. Status of Criminal Charges

In this action, pursuant to § 1983, Iryzarry challenges the conduct of defendants during his arrest and prosecution on unspecified criminal charges.  In some instances, the outcome of criminal charges related to a challenged arrest and prosecution may impact the viability of § 1983 claims arising therefrom. See Skinner v. Switzer, ___ U.S. ___, ___, 131 S. Ct. 1289, 1298 (2011); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Accordingly, in his amended complaint, Iryzarry should state whether the charges related to the arrest and prosecution he challenges here resulted in a conviction or an acquittal. If Iryzarry was convicted, Iryzarry should also state whether his conviction, or any sentence he received, has been overturned or vacated by any appeal or post-conviction action.

### Conclusion

Iryzarry is granted leave to file an amended complaint, **within thirty days** of the date of this Order, as follows:

1. The amended complaint shall state, with specificity, what each defendant did to render that defendant liable to Iryzarry, for each claim asserted against him or her. This order applies to the defendants listed above against whom Iryzarry has lodged specific accusations, as well as to defendant State of New Hampshire, and any other defendant Iryzarry seeks to sue.

2. The amended complaint shall state whether the criminal prosecution related to the claims here resulted in a conviction. If Iryzarry's prosecution did result in a conviction, Iryzarry shall also state, in his amended complaint, the status of his conviction and sentence – specifically, whether either his conviction or sentence has been overturned or vacated by appeal, post-conviction litigation, or otherwise.

Iryzarry's failure to file an amended complaint in conformity with this Order will result in a recommendation that the action be dismissed for failing to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 27, 2011

cc: Charles Iryzarry, pro se

LBM:jba