```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Charles Iryzarry</u>

    v.                                    Civil No. 11-cv-178-PB

<u>State of New Hampshire, et al.</u>

## REPORT AND RECOMMENDATION

Charles Iryzarry has filed a complaint against the following named defendants: State of New Hampshire; Assistant Rockingham County Attorney Lisa Cirulli; New Hampshire Superior Court Judge John Lewis, and Windham, New Hampshire, police officer Wendy Foley. Iryzarry alleges violations of his rights arising out of his August 5, 2009, arrest and ensuing prosecution and conviction. Because Iryzarry is incarcerated, the matter is before the magistrate judge for preliminary review to determine whether the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

In an order issued October 27, 2011 (doc. no. 8), the court directed Iryzarry to amend his complaint to state, with specificity, what each defendant had done to violate his rights, and also to advise the court as to whether he was convicted on the criminal offense referenced in his complaint and, if so, the

status of his conviction. Iryzarry has filed an addendum to his complaint (doc. no. 9) in response to the court's October 27 order. Iryzarry's pleadings (doc. nos. 1 and 9) will be construed in the aggregate as the complaint in this matter. Applying the standard of review set forth in the October 27 order, the court now conducts a preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court for the District of New Hampshire Local Rule 4.3(d)(2).

## Background

On August 5, 2009, Wendy Foley conducted a traffic stop of a car in which Iryzarry was a passenger. The stop lasted thirty-eight minutes. At the conclusion of the stop, Foley arrested Iryzarry for possession of a controlled drug, although Iryzarry claims that Foley did not find any drugs on Iryzarry's person or otherwise in his possession.

Iryzarry was indicted on January 5, 2010. Iryzarry states that he was convicted after a trial held on January 10, 2010.[1]

---

[1] Iryzarry's complaint in this matter states that his trial was held on January 10, 2010. Iryzarry has another complaint pending in this court, Iryzarry v. Church, Civ. No. 11-cv-202-PB. In the complaint Iryzarry filed in that case, he indicates that he had a criminal trial on January 10, 2011. While the court cannot conclusively determine that the trial referred to in that matter is the same as the trial referred to here, it does appear that Iryzarry's trial in this case may have actually occurred on January 10, 2011. Because the discrepancy does not impact the court's recommendation, the question need not be resolved at this time.

Iryzarry asserts that his trial was the result of a malicious prosecution by Foley, Attorney Cirulli, and Judge Lewis, acting in conspiracy with one another to convict him of a crime he did not commit.

**Discussion**

I. <u>Judge Lewis – Judicial Immunity</u>

Judges are absolutely protected from suit by the doctrine of judicial immunity for actions taken within the scope of their judicial jurisdiction.  See <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).  Allegations that a judge engaged in malicious acts while performing judicial functions within the judge's jurisdiction do not overcome judicial immunity.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (absolute judicial immunity "applies even when the judge is accused of acting maliciously and corruptly" (citing <u>Pierson</u>, 386 U.S. at 554)).  Absolute judicial immunity will not, however, protect a judge from suit for actions taken "in the complete absence of all jurisdiction" or for the judge's nonjudicial actions.  See <u>Mireles</u>, 502 U.S. at 11-12.

Iryzarry claims that Judge Lewis acted maliciously in the context of Iryzarry's criminal proceedings, over which Judge Lewis apparently presided.  Presiding over a criminal case was an act taken within Judge Lewis's jurisdiction.  See <u>State v.</u>

3

Stevens, 121 N.H. 287, 289, 428 A.2d 1241, 1243 (1981). Iryzarry has not alleged any facts suggesting that Judge Lewis did not have jurisdiction over his criminal case, or was engaged in a nonjudicial act. Accordingly, Judge Lewis enjoys absolute immunity from this suit, and all of the claims asserted against him should be dismissed.

II.  Attorney Cirulli – Prosecutorial Immunity

Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). The decision to prosecute is a prosecutorial act protected by absolute immunity. See Hartman v. Moore, 547 U.S. 250, 261-62 (2006) (citing Imbler, 424 U.S. at 431).

Iryzarry alleges that Cirulli maliciously prosecuted him. Iryzarry further alleges that Cirulli fabricated "false paperwork" although he does not indicate what that paperwork was, or how Cirulli's alleged actions impacted his rights.  In any event, Iryzarry challenges acts taken by Cirulli that were "intimately associated with the judicial phase of the criminal process" and "essentially prosecutorial in nature." Nogueras-Caragena v. U.S. Dep't of Justice, 75 F. App'x 795, 798 (1st

Cir. 2003). Accordingly, absolute prosecutorial immunity applies, and all of the claims asserted against Attorney Cirulli should be dismissed.

III. Eleventh Amendment Immunity

Iryzarry has named the State of New Hampshire as a defendant to this action. Section 1983 suits for damages against states, state agencies, and state officers sued in their official capacities are barred by the Eleventh Amendment unless the state has expressly waived immunity. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court); Negron-Almeda v. Santiago, 579 F.3d 45, 52 (1st Cir. 2009). See Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir.2009) ("it is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action"); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). New Hampshire has not waived its sovereign immunity for claims asserted under section 1983. Accordingly, the State of New Hampshire should be dismissed from this suit.

IV.  Officer Foley

Iryzarry asserts that Officer Foley: (1) harassed him by unlawfully subjecting him to false arrest; (2) illegally detained him; (3) falsely imprisoned him; (4) maliciously prosecuted him; (5) was negligently derelict in executing her police duties; (6) denied Iryzarry's due process rights; and (7) denied Iryzarry's equal protection rights.  These claims challenge Foley's actions in effecting his arrest and in participating in Iryzarry's subsequent prosecution and conviction.  Because Iryzarry's claims against Foley allege that his federal constitutional rights have been violated by a police officer acting under the color of state authority, they arise under 42 U.S.C. § 1983, the statute providing a cause of action for such claims.  See Dist. Attorney's Office for the Third Jud. Dist. v. Osborne, 557 U.S. 52, ___, 120 S. Ct. 2308, 2318 (2009).

  A.  Heck v. Humphrey

Several of Iryzarry's claims are barred under the doctrine announced in Heck v. Humphrey, 512 U.S. 466 (1994).

> In Heck v. Humphrey, the Supreme Court held that where a § 1983 suit for damages would 'necessarily imply' the invalidity of an inmate's conviction, or 'necessarily imply' the invalidity of the length of any inmate's sentence, such a claim is not cognizable under § 1983 unless and until the inmate obtains favorable resolution of a challenge to his conviction.

Thore v. Howe, 466 F.3d 173, 179 (1st Cir. 2006) (quoting Heck, 512 U.S. at 487). To the extent that any of Iryzarry's claims would, if successful, "necessarily imply" the invalidity of Iryzarry's underlying criminal conviction, therefore, they are not actionable under § 1983 as nothing in the record demonstrates that Iryzarry's conviction has been invalidated. See Skinner v. Switzer, ___ U.S. ___, ___, 131 S. Ct. 1289, 1298 (2011) (citing Heck, 512 U.S. at 487). A district court considering a civil lawsuit challenging the circumstances surrounding a criminal conviction must consider "whether the plaintiff could prevail only by negating an element of the offense of which he was convicted." Id. at 179 (quoting Heck, 512 U.S. at 486 n.6) (internal quotation marks and brackets omitted).

With the exception of Iryzarry's claim alleging a Fourth Amendment violation based on his unlawful seizure and detention pursuant to a traffic stop, discussed infra, all of Iryzarry's claims against Foley rely on his assertion that Foley's acts violated his rights because he did not actually possess a controlled drug and was therefore not guilty of the offense of which he was convicted. Because possession is an element of the offense of possession of a controlled drug, and Iryzarry's claims prevail only by finding that Iryzarry did not possess drugs, the claims against Foley are barred by Heck. By the same

7

token, Iryzarry's claims that Foley prosecuted him maliciously, which rely on his assertion that he is actually innocent of the underlying offense, are also barred by Heck and should be dismissed.[2] See Thore, 466 F.3d at 180.

B. Claims Not Supported by Factual Assertions

Irzyarry asserts violations of his right to equal protection and due process. He further asserts that Foley was negligent in executing her duties as a police officer and that she was deceitful. Iryzarry has presented no facts in either his initial complaint, or the addendum thereto, supporting any of these assertions. Accordingly, they should be dismissed.

C. Fourth Amendment – Illegal Seizure

Iryzarry alleges that Foley's seizure of his person pursuant to a traffic stop violated his Fourth Amendment right to be free from unreasonable searches and seizures. A section 1983 claim asserting a violation of the Fourth Amendment may survive the Heck bar where the claim, to be successful, does not necessarily imply that the conviction is invalid. See Crooker v. Burns, 544 F. Supp. 2d 59, 62-63 (D. Mass. 2008). To the

---

[2] To state a claim for malicious prosecution upon which relief might be granted, a plaintiff must assert that the challenged criminal proceedings terminated favorably to the plaintiff. See Wallace v. Kato, 549 U.S. 384, 392 (2007). Iryzarry has not made that showing. Accordingly, even if the claim were not barred by Heck, the malicious prosecution claim should be dismissed on that basis.

extent that Iryzarry alleges that his detention pursuant to the traffic stop violated his rights due to its length or nature, rather than because the fruits of that stop were used to convict him, Heck does not bar the claim. See id.; see also Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007) ("a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and [] if it does it must, under Heck, be dismissed") (emphasis added).

"For the duration of a traffic stop . . . a police officer effectively seizes 'everyone in the vehicle,' the driver and all passengers." Arizona v. Johnson, 555 U.S. 323, 327 (2009) (quoting Brendlin v. California, 551 U.S. 249, 255 (2007)). As a passenger in the car, therefore, Iryzarry was seized when the car he was in was stopped, and the Fourth Amendment therefore requires that the seizure be reasonable. See Johnson, 555 U.S. at 327.

Iryzarry has not stated the basis upon which he challenges the seizure of his person pursuant to the motor vehicle stop although he implies that the detention was improper due to its duration. Iryzarry provides only three facts concerning the circumstances of the stop: (1) that he was a passenger in the car that was stopped; (2) that the stop occurred on a highway; and (3) that the stop lasted for thirty-eight minutes. These facts are insufficient to permit the court plausibly to infer that either the stop or the subsequent detention was

unreasonable. Accordingly, the Fourth Amendment claims alleging illegal detention should be dismissed as insufficiently stated.

## V.   Speedy Trial Claim

Iryzarry asserts that his right to a speedy trial was violated because he was arrested on August 5, 2009, and was not indicted until January 5, 2010. Iryzarry claims that this delay in indictment violated New Hampshire law and his Sixth Amendment right to a speedy trial.

A determination of this issue in Iryzarry's favor would necessarily undermine the validity of the underlying conviction. Such a claim, as discussed above, is not cognizable under section 1983 as it is barred by Heck. See Heck, 512 U.S. at 486; Krause v. Leonard, 352 F. App'x 933, 935 (5th Cir. 2009). Iryzarry's speedy trial claim should therefore be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that the complaint be dismissed in its entirety for failing to state any claim upon which relief might be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing

United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008));

Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564

(1st Cir. 2010).

```
                              _____
                              Landya B. McCafferty
                              United States Magistrate Judge
```

Date:  December 15, 2011

cc:  Charles Iryzarry, pro se


LBM:jba